WEISS & PAARZ
BNY Mellon Center
1735 Market Street, Suite 3750
Philadelphia, PA 19103
(215) 238-9200
ATTORNEYS FOR PLAINTIFFS

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY KISELLA, Individually and as Executrix of the ESTATE OF NICHOLAS KISELLA, Deceased<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP J. CINELLI, D.O.; LVPG FAMILY MEDICINE-BANGOR a/k/a BANGOR MEDICAL CENTER, INC.; JOHN/JANE DOE PROVIDERS A-Z (multiple fictitious persons and/or entities); JOHN/JANE DOE EMPLOYERS A-Z (multiple fictitious entities), j/s/a,<br><br>Defendants. | CIVIL ACTION NO:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## PARTIES

1.      Plaintiff, Kimberly Kisella, Executrix of the Estate of plaintiff-decedent Nicholas Kisella, resides at 3 Falcon Road, Flanders, Morris County, New Jersey.

2.      Upon information and belief, defendant Phillip J. Cinelli, D.O., is a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, practicing at LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc.

3.      At all times relevant hereto, defendant Cinelli held himself out as a specialist in the field of Family Practice, possessing the ordinary and customary skills, diligence, and knowledge of like physicians in the field and was a principal, owner, and/or agent of

the defendant LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc and/or John/Jane Doe Employers A-Z (multiple fictitious entities).

4. At all times material hereto, defendant LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc., located at 1337 Blue Valley Drive, Pen Argyl, Northampton County, Pennsylvania, held itself out as a professional medical association, employing agents, servants, and employees who possess skill, training, and diligence for the purpose of rendering healthcare services to the general public.

5. Upon information and belief, the defendants John/Jane Doe Employers A-Z (multiple fictitious entities) and John/Jane Doe Providers A-Z (multiple fictitious persons and/or entities), are citizens or corporations incorporated under the laws of the Commonwealth of Pennsylvania and having a principal place of residence and/or business in the Commonwealth of Pennsylvania.

6. The fictitiously named defendants are persons and/or entities whose identities have not yet been learned despite the exercise of reasonable diligence, and/or said information will not become available until litigation is commenced.

## FACTUAL BACKGROUND

7. On or about 3/21/15, plaintiff-decedent Nicholas Kisella, a 49-year-old man, was under the care of defendant Cinelli and/or John/Jane Doe Providers A-Z (multiple fictitious persons and/or entities) while treating at LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc.

8. On or about 3/21/15, Nicholas Kisella presented to defendant Cinelli with low back pain and blood pressure of 182/113.

9. On or about 10/21/15, Nicholas Kisella presented to defendant Cinelli with sharp anterior neck pain, severe pain in his throat and chest, pain when breathing, and blood pressure of 194/94.

10. On both 3/21/15 and 10/21/15, a family history of "MI", or myocardial infarction, was noted on Nicholas Kisella's medical chart.

11. On or about Wednesday 10/21/15, defendant Cinelli diagnosed Nicholas Kisella with a muscle strain at neck level.

12. On 10/28/15, Nicholas Kisella was transported by ambulatory services from his home, where he was found unresponsive, to the Pocono Medical Center Emergency Room where he was pronounced dead with the cause of death being determined as cardiac tamponade due to rupture of dissecting aortic aneurysm.

## JURISDICTION AND VENUE

13. The United States District Court for the Eastern District of Pennsylvania has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. The Court has supplemental jurisdiction over any state law claim pursuant to 28 U.S.C.A. § 1367.

14. Venue is conferred pursuant to 28 U.S.C.A. § 1391 and is appropriate in the United States District Court for the Eastern District of Pennsylvania in as much as all defendants reside and a substantial part of the events or omissions giving rise to the claim occurred in Pennsylvania. Venue is further conferred in the Eastern District of Pennsylvania because the location of the events at issue occurred in Northampton County, which is included within the Eastern District.

## COUNT I

15. Plaintiff repeats each and every allegation of paragraphs 1 through 14, as set forth herein.

16. At all relevant times, defendant Cinelli was responsible for the care and treatment of Nicholas Kisella.

17. At all times relevant hereto, in rendering care to Nicholas Kisella, defendant Cinelli was an actual and/or ostensible agent, principal, servant, and/or employee of defendant LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc.

18. Under the doctrine of respondeat superior and/or ostensible agency, defendant LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc. was responsible for the negligent acts committed by defendant Cinelli and any damages suffered by plaintiffs as a result thereof.

19. Alternatively, at all times relevant hereto, in rendering care to Nicholas Kisella, defendant Cinelli acted as an agent, servant, and/or employee of his actual employer, defendants John/Jane Doe Employers A-Z (multiple fictitious entities), or alternatively, as an apparent agent.

20. Under the doctrines of respondeat superior and/or ostensible agency, defendants John/Jane Doe Employers A-Z (multiple fictitious entities) are responsible for the negligent acts committed by defendant Cinelli and the damages suffered by plaintiffs as a result thereof.

21. In the care and treatment of Nicholas Kisella, defendant Cinelli and defendants LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc. and/or John/Jane Doe Employers (A-Z) (multiple fictitious entities) acting through their agents,

servants and/or employees, deviated from the acceptable standard of care and/or breached the obligation of informed consent in the following respects:

a. failing to timely and adequately respond to plaintiff-decedent's complaints of severe neck, throat, and chest pain as well as pain while breathing;

b. mistakenly believing plaintiff-decedent's neck, throat, and chest pain were related to a muscle strain even in light of his abnormally high blood pressure;

c. failing to respond to abnormal blood pressure results and clinical symptoms for plaintiff-decedent indicating he was suffering from a severe cardiac condition with knowledge that he was at an increased risk of harm without treatment;

d. failing to perform an echocardiogram, which would have indicated that plaintiff-decedent was suffering from a dissecting aortic aneurysm;

e. failing to order a chest x-ray which would have shown that plaintiff-decedent was suffering from a dissecting aortic aneurysm;

f. failing to recognize that plaintiff-decedent was at a high risk of suffering from a severe cardiac condition;

g. failing to diagnose plaintiff-decedent's aortic aneurysm prior to its rupture;

h. misdiagnosing plaintiff-decedent's severe neck, throat, and chest pain as well as pain while breathing;

i. failing to timely refer plaintiff-decedent for emergency treatment of his dissecting aortic aneurysm;

j. failing to arrange emergency cardiac surgery for plaintiff-decedent prior to the rupturing of his aortic aneurysm;

k. failure to transfer plaintiff-decedent to a facility that was able to treat his dissecting aortic aneurysm prior to its rupturing;

l. failing to re-evaluate plaintiff-decedent's condition after his blood pressure increased further and his severe neck, throat, and chest pain continued;

m. failing to provide appropriate medical care to plaintiff-decedent in light of his symptoms of aortic insufficiency;

n. failing to implement blood pressure lowering medical therapy to reduce risk of further dissection and/or rupture;

o. failing to provide plaintiff-decedent with information that a prudent patient in his position would deem material in deciding to undergo the recommended medical treatment.

22. All of the above acts and omissions on the part of defendant Cinelli and LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc. and/or John/Jane Doe Employers A-Z (multiple fictitious entities) were the direct and proximate cause of the physical and emotional harm and death suffered by plaintiff-decedent Nicholas Kisella.

23. As a direct and proximate result of the above said deviations from the acceptable standard of care and/or breach of the obligation of informed consent as aforesaid of defendants Cinelli and LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc. and/or John/Jane Doe Employers A-Z (multiple fictitious entities), plaintiff-decedent Nicholas Kisella was caused to suffer serious and permanent injuries including, but not limited to, conscious pain and suffering, loss of enjoyment of life, loss of earning power, emotional anguish, death, and other damages, losses, and expenses.

24. As a direct and proximate result of the death of plaintiff-decedent Nicholas Kisella, his beneficiaries have suffered the loss of services of the plaintiff-decedent, loss of financial support and/or contribution which plaintiff-decedent would have provided in the future, and a loss of companionship, services, comfort, guidance, solace, and society.

25. As a direct and proximate result of the death of plaintiff-decedent Nicholas Kisella, his beneficiaries have suffered pecuniary losses and incurred funeral, medical, burial, and administration expenses.

26. In addition to all other available relief, plaintiff requests relief under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301 and Pennsylvania Survival Act, 42 Pa. C.S. § 8302 and 20 Pa. C.S. § 3371.

**WHEREFORE,** plaintiff demands judgment on this Count against defendants Philip J. Cinelli, D.O.; LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc.;

and/or John/Jane Doe Employers (A-Z) (multiple fictitious entities), jointly, severally, or in the alternative, in an amount in excess of Seventy-five Thousand Dollars ($75,000) in compensatory damages for damages, losses, and expenses, together with interest and costs of suit.

## COUNT II

27. Plaintiff repeats each and every allegation of paragraphs 1 through 26, as set forth herein.

28. At all relevant times, defendants John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities) were responsible for the care and treatment of Nicholas Kisella.

29. Defendants John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities) were negligent and/or deviated from the applicable standard of care in their care and treatment of Nicholas Kisella in such ways as discovery may reveal.

30. In addition, John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities) were negligent in failing to provide Nicholas Kisella with information that a prudent patient in his position would deem material in deciding to undergo the recommended medical treatment.

31. A prudent patient in Nicholas Kisella's position, being properly informed of the risks of the recommended medical treatment and its medically acceptable alternatives, would have declined the course of treatment undertaken by defendants John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities) and would have accepted alternative medical treatment options.

32. Alternatively, John/Jane Doe Medical Providers A-Z's (multiple fictitious persons and/or entities) deviations from the acceptable standard of care and/or their breach of the obligation of informed consent as aforesaid significantly increased the risk of harm from any cardiac or circulatory system disorder to Nicholas Kisella, which increased risk of harm was a substantial factor in causing Nicholas Kisella's death and injuries.

33. At all times relevant hereto, in rendering care to Nicholas Kisella, defendants John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities) were actual and/or ostensible agents, principals, servants, and/or employees of defendant LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc.

34. Under the doctrine of <u>respondeat superior</u> and/or <u>ostensible agency</u>, defendant LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc. was responsible for the negligent acts committed by defendants John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities) and any damages suffered by plaintiffs as a result thereof.

35. Alternatively, at all times relevant hereto, defendants John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities) acted as agents, servants, and/or employees of their actual employer, defendants John Doe Employers A-Z (multiple fictitious employers), or alternatively, as apparent agents.

36. Under the doctrines of <u>respondeat superior</u> and/or <u>ostensible agency</u>, defendants John/Jane Doe Employers A-Z (multiple fictitious employers) are responsible for the negligent acts committed by defendants John/Jane Doe Medical Personnel A-Z (multiple fictitious entities) and the damages suffered by plaintiffs as a result thereof.

37.     As a direct and proximate result of the acts and omissions of defendants John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities) and LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc. and/or John/Jane Doe Employers A-Z (multiple fictitious entities), plaintiff-decedent Nicholas Kisella was caused to suffer serious and permanent injuries including, but not limited to, conscious pain and suffering loss of enjoyment of life, loss of earning power, emotional anguish, death, and other damages, losses, and expenses.

38.     As a direct and proximate result of the death of plaintiff-decedent Nicholas Kisella, his beneficiaries have suffered the loss of services of the plaintiff-decedent, loss of financial support and/or contribution which plaintiff-decedent would have provided in the future, and a loss of companionship, services, comfort, guidance, solace, and society.

39.     As a direct and proximate result of the death of plaintiff-decedent Nicholas Kisella, his beneficiaries have suffered pecuniary losses and incurred funeral, medical, burial, and administration expenses.

40.     In addition to all other available relief, plaintiff requests relief under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301 and Pennsylvania Survival Act, 42 Pa. C.S. § 8302 and 20 Pa. C.S. § 3371.

**WHEREFORE,** plaintiffs demand judgment on this Count against defendants John/Jane Doe Medical Providers A-Z (multiple fictitious persons and/or entities); LVPG Family Medicine-Bangor a/k/a Bangor Medical Center, Inc.; and/or John/Jane Doe Employers (A-Z) (multiple fictitious entities), jointly, severally, or in the alternative, in an amount in excess of Seventy-five Thousand Dollars ($75,000) in compensatory damages for damages, losses, and expenses, together with interest and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand upon Defendants:

a. Actual compensatory damages;

b. Pre- and Post- Judgment interest as allowed by law;

c. An award of attorneys' fees as allowed by law;

d. Any and all such further relief as the Court deems just.

**WEISS & PAARZ**
Attorneys for Plaintiff(s)

By: _____
JESSICA L. RODIO, ESQ.

Dated: 10/6/17